IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:15-00162 |
| v. ) | Chief Judge Crenshaw |
| ) | |
| KENDALL R. CARTER ) | |

MOTION IN LIMINE FOR A PRE-TRIAL DETERMINATION OF ADMISSIBILITY
PURSUANT TO 18 U.S.C. § 3505

This matter is set for trial to begin on June 13, 2017. The United States of America ("the Government"), by and through its Acting United States Attorney, and Assistant United States Attorneys Thomas Jaworski and Jason Ehrlinspiel, hereby provides notice to the Court of its intention to use foreign records of regularly conducted activity, pursuant to the provisions of Title 18, United States Code, Section 3505. At trial, the Government intends to offer business records of Kik Interactive, Inc. ("Kik"), a Canadian company that provides text and video messaging applications. A copy of the Certificate of Authenticity of Business Records, along with the records, is attached Exhibit 1.

I. BACKGROUND

Kik and its records custodians are located in Waterloo Ontario, Canada. Requiring a records custodian to engage in international travel to testify at trial is a needless taxpayer expense. The Government is not aware of any bases that would constitute a legitimate challenge to the admissibility of the Kik business records.

Therefore, on April 18, 2016, over one year ago, in compliance with Section 3505(b), the Government provided written notice to defense counsel that the Government intended to offer the Kik business records into evidence at trial, pursuant to 18 U.S.C. § 3505. (Ex. 2.) Additionally, at that time, the Government requested that the defense counsel stipulate to the

1

authenticity and admissibility of these business records and provided defense counsel with a draft stipulation. (Id.) Defense counsel never responded.

On June 6, 2016, the Government again wrote to defense counsel inquiring about his position concerning the proposed stipulation. Defense counsel never responded.

On April 4, 2017, the Government again wrote to defense counsel inquiring about his position with respect to the proposed stipulation. Defense counsel never responded.

On April 13, 2017, the undersigned spoke with defense counsel concerning the proposed stipulation. Without providing a reason, defense counsel advised he would not stipulate to the admission of the business records. As a result, the Government seeks a pre-trial determination concerning the admissibility of these records.

## II. 18 U.S.C. § 3505 PROVIDES ADMISSIBILITY OF FOREIGN BUSINESS RECORDS

Congress provided Section 3505 as means to admit foreign business records in criminal proceedings in the United States. Section 3505 certifications simply attest that the records at issue were (1) made at or near the time of the occurrence of the matters set forth in the records, by a person with knowledge of those matters; (2) kept in the course of a regularly conducted business activity; and (3) made as part of a regular practice of the business. See United States v. Sturman, 951 F.2d 1466, 1489 (6th Cir. 1991).

Pursuant to Section 3505, "business" includes any business or institution of any kind. 18 U.S.C. § 3505(c)(3). A "foreign record of regularly conducted activity" means any memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a foreign country. 18 U.S.C. § 3505(e)(1). A "foreign certification" means "a written declaration made and signed in a foreign county by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely

2

made, would subject the maker to criminal penalty under the laws of that country." 18 U.S.C. § 3505(c)(2).

Section 3505 is intended to promote the resolution before trial of questions concerning the admissibility of foreign business records, a matter subject to Rule 104. H.R. Rep. No. 98-907, at 2 (1984), reprinted in 1984 U.S.C.C.A.N. 3578, 3582. Subsection (b) requires that the party intending to offer the foreign business records provide written notification of that intention to all other parties to the case as soon as practical at, or after, the arraignment. The Government provided this notice to the defendant over a year ago, on April 18, 2016. The practical effect of Section 3505 is to force parties opposing the admission of foreign business records to lodge their objections so that questions of admissibility may be resolved before trial.

The records the Government seeks to introduce are records of a "business" as contemplated by the statute. Moreover, the certification provided is a "foreign certification" as authorized by the statute. The certification was executed by a Kik Senior Law Enforcement Operations Analyst under to the laws of Canada subjecting her to the criminal penalty for an intentionally false declaration. Finally, the certification meets the criteria of Section 3505(a)(1)(A)-(D), which allows the records to be introduced into evidence as an exception to the hearsay rule.

### III. ADMISSION OF FOREIGN BUSINESS RECORDS DO NOT RAISE CONFRONTATION CLAUSE CONCERNS

A written declaration attesting to the authenticity of a business record is not testimonial in nature. The Supreme Court specifically observed that business records "by their nature are not testimonial." Crawford v. Washington, 541 U.S. 36, 56 (2004). In United States v. Hagege, 437 F.3d 943, 958 (9th Cir. 2006), the court concluded that "foreign business records admitted under § 3505 are not subject to the Crawford requirement of confrontation. See also United States v. Jamieson, 427 F.3d 394, 411-12 (6th Cir. 2005) (holding that business records admitted

3

under Rule 807 did not resemble the "formal statement" or "solemn declaration" identified by the Supreme Court in <u>Crawford</u>); <u>United States v. Ellis</u>, 460 F.3d 920, 927 (7th Cir. 2006) (business records could be properly introduced pursuant to Federal Rule of Evidence 803(6) and 902(11).

## CONCLUSION

To avoid the needless taxpayer expense of international witness travel, the Government respectfully seeks a ruling by the Court in advance of trial allowing admissibility of the above-described foreign records of regularly conducted activity pursuant to 18 U.S.C. § 3505.

DATE: April 24, 2017.

Respectfully submitted,

JACK SMITH
Acting United States Attorney

By: <u>s/ Thomas J. Jaworski</u>
Thomas J. Jaworski
Jason Ehrlinspiel
Assistant United States Attorneys
110 Ninth Avenue South
Suite A-961
Nashville, TN 37203

CERTIFIFCATE OF SERVICE

    I certify that, on April 24, 2017, I served the foregoing MOTION IN LIMINE FOR A PRE-TRIAL DETERMINATION OF ADMISSIBILITY PURSUANT TO 18 U.S.C. § 3505 upon the below defense counsel using the Court's CM/ECF system.

>Peter J. Strianse
>315 Deaderick Street
>Suite 1700
>Nashville, TN 37238

>    /s/ Thomas J. Jaworski
>THOMAS J. JAWORSKI

5

Case 3:15-cr-00162   Document 40   Filed 04/24/17   Page 5 of 5 PageID #: 269