UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-00162 |
| | ) | Chief Judge Crenshaw |
| KENDALL R. CARTER | ) | |
| | ) | |

### PETITION TO ENTER A PLEA OF GUILTY

I, **Kendall R. Carter**, respectfully represent to the Court as follows:

(1) My true full name is Kendall R. Carter, and I declare that all proceedings against me be had in that name. My date of birth is April 5, 1994. I completed sixteen (16) years of formal education.

(2) My retained attorney is **Peter J. Strianse, Esq.**

(3) I have received a copy of the Superseding Indictment before being called upon to plead and have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in the Superseding Indictment.

(4) I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Indictment and believe and feel that my lawyer knows as much about this as I do. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crimes charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged in the Indictment is as follows:

> **Counts One through Five & Seven through Thirteen** (18 U.S.C. § 2251(a)(e), Sexual Exploitation of Children – Production of Child Pornography) - each count carries a statutory minimum mandatory punishment of fifteen (15) years and a maximum thirty (30) years, a $250,000,000 fine or both, a term of supervised release of 5 years to life and a $100.00 special assessment;



**Counts Six & Fourteen** (18 U.S.C. § 875(d), Extortion – Interstate Communications) - both counts carry a statutory maximum punishment of two (2) years, a $250,000 fine or both, a one (1) year term of supervised release and a $100.00 special assessment; and,

**Count Fifteen** (18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)), Possession of Child Pornography) - carries a maximum of ten (10) years, a $250,000 fine or both, a term of supervised release of 5 years to life and a $100.00 special assessment.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I have been advised by my attorney that the guideline calculation in my case should be **an advisory guideline range of life. However, this guilty plea is pursuant to Fed.R.Crim.P. 11(c)(1)(C) and the Defendant shall receive a sentence of three hundred and sixty (360) months or thirty (30) years.** I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I further understand that in addition to any sentence of incarceration I receive that I will be sentenced to a period of supervised release and that, if I violate the terms of that supervised release, I could face revocation of that supervised release and be imprisoned for a term equal to the entire period of supervised release. I have been informed that, under the present federal sentencing system, I will not be subject to parole. I have been informed that I will receive only 54 days good time per year, and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or

2

probation supervision.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY," and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy trial and public trial by jury; (b) the right not to testify, and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor, and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my own defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead guilty just as if a jury found me guilty of the charge(s) following a trial, and that the court may impose a sentence upon me with the limits set forth in the plea agreement stated in paragraph ten (10) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself, my lawyer and the prosecution concerning my plea, they are fully set forth in paragraph thirteen (13) below. I understand that, even with a plea agreement, no person can bind the Judge to give any particular sentence in my case and that, if the Judge decides to reject the plea agreement set forth in paragraph thirteen (13) below, I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire, unless the government has only agreed to recommend a sentence to the court [Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure]. **This plea is pursuant to Fed.R.Crim.P. 11(a)(2) and if the Defendant prevails on appeal he may then withdraw this plea.** I hope to receive probation or some form of

3

leniency, but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose. I understand that I am not eligible for probation if I am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that, by voluntarily pleading "GUILTY," I have saved the government and the Court the expense and inconvenience of a trial. [Federal Rules of Criminal Procedure. Rule 32(a)(1)]. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with any state time.

(11) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked him to do, and I am satisfied with his representation at this point.

(12) I fully understand my rights to plead "NOT GUILTY" and fully understand the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Plea of Guilty to Counts Four, Six, Ten, Fourteen & Fifteen of the Superseding Indictment.

(13) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of Rules 11(a)(2) & 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

> The particularized terms and conditions of the plea agreement are contained in the attached "Plea Agreement" prepared by Assistant United States Attorney S. Carran Daughtrey.
>
> Pursuant to Fed.R.Crim.P. 11(a)(2), Defendant Carter hereby enters a conditional plea of guilty while reserving the right to appeal, with the government's consent, all issues contained in his *Motion to Suppress the Fruits of the Search of 2941 E. Trimble Road, Milton, Tennessee on 12/18/14 and for a Franks Hearing,* with supporting exhibits and *Memorandum of Law* (Docket Entries 46 & 47), his *Reply and Post-Hearing Brief* (Docket Entry 62), and litigated at the evidentiary hearing conducted by the District Court on 7/26/17, all denied by the District Court in *Memorandum Opinion* entered 9/7/17 (Docket Entry 68).



4

Consistent with Fed.R.Crim.P. 11(a)(2), should Defendant Carter prevail on appeal, he may then withdraw this guilty plea.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the Indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph twelve (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32, Fed.R.Crim.P., to the extent that such provisions conflict with 18 U.S.C. §3552(d), and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 4th day of December, 2017.

_____
Kendall R. Carter

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.

*S. Carran Daughtry*
S. Carran Daughtry
Attorney for Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Kendall R. Carter,** hereby certifies as follows:

(1) I have read and fully explained to **Kendall R. Carter,** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Kendall R. Carter,** in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed in open court in the presence of **Kendall R. Carter,** this 4th day of December, 2017.

_____
**PETER J. STRIANSE, ESQ.**
Attorney for Defendant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-00162 |
| | ) | Chief Judge Crenshaw |
| KENDALL R. CARTER | ) | |

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

DONE in open court this _____ day of _____, 2017.

_____
WAVERLY D. CRENSHAW, JR.
Chief United States District Judge

8