# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-00162 |
| | ) | **Chief Judge Crenshaw** |
| **KENDALL R. CARTER** | ) | |
| | ) | |

## POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

**COMES NOW** the Defendant, **Kendall R. Carter**, by and through his undersigned counsel, and pursuant to Administrative Order No. 117-3 of the U.S. District Court for the Middle District of Tennessee and the Order of this Honorable Court, hereby files this Position with Respect to Sentencing Factors.

### I. NO CHALLENGES TO THE ADVISORY SENTENCING GUIDELINES CALCULATIONS.

Defendant, Kendall R. Carter has no objections to the advisory sentencing guideline calculation contained in the *Revised* Presentence Investigation Report & Addendum ("PSR"), dated April 9, 2018.

### II. ACCEPTANCE OF THE Rule 11(c)(1)(C) AGREEMENT

On December 4, 2017, Defendant Kendall R. Carter entered a plea of guilty pursuant to a negotiated Plea Agreement. (Docket Entries 75, 76 & 77). The Court accepted the Defendant's plea of guilty but deferred decision on acceptance of the plea agreement to the time of sentencing. *Id.* at 78. Mr. Carter's Plea Agreement is governed, in part, by the binding provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *Id.* Specifically, the Plea Agreement provides that "the sentence imposed by the Court shall include a term of imprisonment of 30 years in the custody of the Bureau of Prisons…." (Docket Entry 78, Page ID #682). The guilty plea is

also governed by the provisions of Fed.R.Crim.P. 11(a)(2) whereby Defendant Carter has entered a conditional plea of guilty while reserving the right to appeal, with the government's consent, all issues contained in his *Motion to Suppress the Fruits of the Search of 2941 E. Trimble Road, Milton, Tennessee on 12/18/14 and for a Franks Hearing,* with supporting exhibits and *Memorandum of Law* (Docket Entries 46 & 47), his *Reply and Post-Hearing Brief* (Docket Entry 62), and litigated at the evidentiary hearing conducted by the District Court on 7/26/17, all denied by the District Court in *Memorandum Opinion* entered 9/7/17 (Docket Entry 68). (Docket Entry 77, Page ID# 669).

According to the guideline policy statements relating to the *Standards for Acceptance of Plea Agreements,* the Court is encouraged to accept plea agreements under Rule 11(c)(1)(C) when the Court is satisfied either that:

> (1) the agreed upon sentence is within the applicable guideline range; or,
> (2) (A) the agreed sentence departs from the applicable guideline range for justifiable reasons; and,
> (B) those reasons are specifically set forth in writing in the statement of reasons or judgment and commitment order.

U.S.S.G. § 6B1.2(c). A number of circuits have encouraged District Courts to reserve acceptance of 11(c)(1)(C) based agreements pending receipt of the PSR for precisely this reason. *See generally United States v. Peveler,* 359 F.3d 369, 375-76 (6th Cir. 2004).

In this case, the sentence suggested by the Plea Agreement departs from the applicable guideline range of Life for justifiable reasons. *See* U.S.S.G. § 6B1.2(c)(2)(A) (policy statement). For this reason, as well as the analysis of a § 3553(a) factors below, Mr. Carter respectfully requests that the Court accept the Plea Agreement and impose the parties' agreed upon sentence.

2

## III. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

In determining the appropriate sentence in this case, the Court must consider, among other things, the history and characteristics of Mr. Carter. 18 U.S.C. § 3553(a). Mr. Carter's personal history and characteristics weigh in favor of the sentence contemplated by the Rule 11(c)(1)(C) plea agreement. Mr. Carter was an outstanding 20-year-old engineering student at Middle Tennessee State University at the time these offenses were committed. (*Transcript of 10/2/15 Detention Hearing,* Docket Entry 16, Page ID# 98). He had no criminal history prior to his arrest in connection with this case. Prior to his arrest, he lived quietly with his parents and three younger brothers in rural eastern Rutherford County in the Milton community. *Id.* at 98-99. His father is a college educated plant manager for Hayward Industries, a swimming pool equipment manufacturer located in Nashville. *Id.* at 100. The Carter family is extremely close and Mr. Carter is deeply involved in the lives of his younger brothers and was a great help to his parents in raising his younger brothers. *Id.* at 105.

Mr. Carter was an excellent engineering student, consistently maintained an A average, and was on the Dean's List. *Id.* at 101-103. He was a devoted student spending approximately 8 hours a day at school. *Id.* at 104. Two of his professors from MTSU, Dr. Ahad Nasab, Mechatronics Engineering Professor, and Dr. Vishwas Bedekar, Assistant Professor, Engineering Technology Department, characterized him as smart, polite, calm, composed, very humble, and always willing to assist his fellow students with homework and projects. *Id.* at 123-133. Mr. Carter was described as one of the top students in the very demanding Mechatronics Program who enjoyed an excellent reputation among the students and faculty. *Id.* at 126-127. Both professors have spent significant time both in and out of the classroom with Mr. Carter and expressed the

3

belief that they had come to know his character. *Id.* at 123-133.  His peers and fellow students described Mr. Carter as polite, helpful to other students, very reliable, very honest, humble, a leader and tutor among his classmates, and a respected and highly regarded classmate. *Id.* at 87-92; 94-99 & 104-108.

Although the charged offenses are very serious, Mr. Carter was extremely young at the time of the offense conduct.  A 30-year sentence for a first offender in a non-direct-contact sexual offense is certainly more than sufficient but not greater than necessary to vindicate the charged conduct. The sentence to be imposed in this case will promote respect for the law, provide just punishment and afford adequate deterrence to Mr. Carter and others.  *See* 18 U.S.C. § 3553(a)(1) & (2).

Based on the guideline policy related to standards for accepting plea agreements as well as the personal history and characteristics of Mr. Carter, the Court should accept the binding 11(c)(1)(C) Plea Agreement and impose the sentence contemplated by the parties.

Respectfully submitted,

**TUNE, ENTREKIN & WHITE, P.C.**
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, Tennessee 37238
(615) 244-2770


BY:  s/ Peter J. Strianse
    PETER J. STRIANSE
    Attorney for Defendant Carter

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to:

                S. Carran Daughtrey
                Assistant United States Attorney
                110 Ninth Avenue South
                Suite A961
                Nashville, TN  37203-3870


                **VIA EMAIL**
                Andrea M. Testa
                U.S. Probation Officer
                Andrea_Testa@tnmp.uscourts.gov


       this 17th day of April, 2018.

                                                            S:/ Peter J. Strianse
                                                           PETER J. STRIANSE