UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No. 3:15-00162 |
| | ) | **Chief Judge Crenshaw** |
| **KENDALL R. CARTER** | ) | |
| | ) | |

### *SUPPLEMENTAL* POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

**COMES NOW** the Defendant, **Kendall R. Carter**, by and through his undersigned counsel, and pursuant to Administrative Order No. 117-3 of the U.S. District Court for the Middle District of Tennessee and the Order of this Honorable Court, hereby files this *Supplemental* Position with Respect to Sentencing Factors. The Defendant's original Position Paper was filed on April 17, 2018. (Docket Entry 80).

**1.** *Restitution*

The United States seeks $16,992 in restitution for each victim for counseling services and expenses that have yet to be *incurred* by either victim within the meaning of 18 U.S.C. § 2259(b)(3) (emphasis supplied). Such an award of restitution is contrary to the statutory mandate and, therefore, improper. *See United States v. Laney,* 189 F.3d 954, 966 (9th Cir. 1999).

**2.** *Judicial Recommendation re: Place of Confinement/Waiver of BOP Sentence Length Public Safety Factor*

The BOP security designation policy takes into consideration many factors when classifying inmates including age, criminal history and education level along with other variables. A numeric value is assigned to an offender's salient classification factor. The more points accumulated the higher the inmate's security level. Given the information provided in the

Presentence Investigation Report, Mr. Carter will likely "score" at low-security; however, the BOP also uses what are termed "Public Safety Factors" (PSF) and Management Variables (MGTV) to account for other security considerations. In Mr. Carter's case, the PSF of "Sex Offender" will be applied to his classification jacket which will require that he be confined at a secure prison and not a minimum-security camp (this PSF will remain in effect throughout service of his entire sentence). Additionally, given he is facing a 30-year term of imprisonment a PSF of "Sentencing Length" will also be applied to his base scoring. This second PSF will automatically raise his security level to Medium. He will not be transferred to a low-security prison until he has less than 20 years remaining to serve on his sentence.

Given Mr. Carter's young age, the nature of his offense, and the fact that this will be his first experience inside a correctional institution (prison not a local detention center), he will face obvious hardships. Based on the foregoing, Defendant Carter respectfully requests the following Judicial Recommendation for Designation on page 2 of the court's Judgment Order:

> "Given the defendant's age and vulnerabilities, the Court strongly recommends the Sentence Length PSF be waived in this case. The Court further recommends that the defendant be designated to an institution housing a Sex Offender Management Program (SOMP); specifically, the SOMP at FCI Seagoville, Elkton or Englewood. If the BOP does not waive the PSF, the Court recommends the SOMP at FCI Marianna."

Respectfully submitted,

**TUNE, ENTREKIN & WHITE, P.C.**
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, Tennessee 37238
(615) 244-2770


BY: s/ Peter J. Strianse
    PETER J. STRIANSE
    Attorney for Defendant Carter


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to:

S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN  37203-3870


**VIA EMAIL**
Andrea M. Testa
U.S. Probation Officer
Andrea_Testa@tnmp.uscourts.gov


this 15th day of July, 2018.

S:/ Peter J. Strianse
PETER J. STRIANSE

3