UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:15-CR-00162 |
| v. ) | CHIEF JUDGE CRENSHAW |
| ) | |
| KENDALL R. CARTER ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, hereby submits this memorandum in support of its request that this Court impose a sentence of incarceration of 30 years to be followed by supervised release for life, as contemplated by the parties' plea agreement, pursuant to Rule 11(c)(1)(C). Docket Entry 78. The United States further requests that this Court impose the special conditions of supervised release recommended by the U.S. Probation Officer as detailed in the Presentence Investigative Report (PSR).

Pursuant to 18 U.S.C. § 3553(a), this Court must impose a sentence that is sufficient but not greater than necessary to comply with the goals set out therein. First, pursuant to 18 U.S.C. § 3553(a)(1), this Court should consider the nature and circumstances of these offenses consisting of multiple counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); extortion, in violation of 18 U.S.C. § 875(d); and possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B). As this Court knows, the defendant used an online application to force teenage girls to take sexually explicit photographs and videos of themselves, threatening to expose them to friends and family if they did not comply. The two victims in this case were in their early teens when this defendant preyed on them. The younger victim in particular suffered significantly

1

as she tried to comply with the defendant's devious demands that caused her both physical and emotional distress. The victims and their families are in agreement with the proposed sentence (of 30 years of incarceration followed by lifetime supervision) as they would like to avoid having to testify in front of a courtroom full of strangers and put this dreadful experience behind them. Both families live outside Tennessee and have elected not to attend the sentencing hearing.

Also pursuant to 18 U.S.C. § 3553(a)(1), this Court must consider the defendant's history and characteristics. In this case, the seriousness of the crimes are balanced out by the fact that the defendant was a bright young college student without a criminal history who did not distribute the produced child pornography.

This Court also must consider, pursuant to 18 U.S.C. §3552(a)(2)(A), the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to this kind of criminal conduct and promote future lawful conduct, pursuant to 18 U.S.C. § 3553(a)(2)(B); and the need to protect the public from further crimes of the defendant, pursuant to 18 U.S.C. § 3553(a)(2)(C). A sentence of 30 years imprisonment and lifetime supervision will accomplish these goals.

In determining the appropriate sentence, pursuant to 18 U.S.C. § 3553(a)(4), this Court also must consider the advisory sentencing guideline range. The guideline range in this case is life, as detailed in the PSR. Acknowledging that the 30-year sentence is a variance downward from the guideline range, the United States submits that the proposed sentence is significant and appropriate. Importantly, the proposed plea agreement allows closure for the families of the two victims, who would otherwise have to travel from far away to testify, which would add additional stress to their already unfortunate circumstances and could cause further emotional damage to one or both of the victimized girls.

Finally, the sentence would not result in any significant disparity in sentencing of like cases involving teenage victims. See, for example, United States v. Tuttle, 3:16-cr-00150, MDTN (30-year sentence for defendant who produced child pornography of a 15 year old relative). While larger sentences have been imposed in this district, those sentences usually have been for the exploitation of much younger victims.

For all these reasons, the United States respectfully requests this Court accept the parties' plea agreement and impose a sentence of 30 years' incarceration and lifetime supervision.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney for the
Middle District of Tennessee

s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the above styled pleading with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to Peter Strianse, attorney for the defendant, on this, the 30th day of November, 2018.

/s/ S. Carran Daughtrey
S. Carran Daughtrey