```
 1              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
 2                    NASHVILLE DIVISION

 3      UNITED STATES OF AMERICA,     )
                                      )
 4                    Plaintiff,      )
                                      ) Case No.
 5           v.                       ) 3:15-CR-00162
                                      )
 6      KENDALL R. CARTER,            ) CHIEF JUDGE CRENSHAW
                                      )
 7                    Defendant.      )
                                      )
 8                                    )
       - - - - - - - - - - - - - - - - - - - - - - - - - - -
 9
                        BEFORE THE HONORABLE
10
          CHIEF DISTRICT JUDGE WAVERLY D. CRENSHAW, JR.
11
                     TRANSCRIPT OF PROCEEDINGS
12
                          July 16, 2018
13     - - - - - - - - - - - - - - - - - - - - - - - - - - -

14    APPEARANCES:

15            For the Plaintiff:  Ms. S. Carran Daughtrey
                                  110 Ninth Avenue, S., Suite A961
16                                Nashville, Tennessee 37203

17
              For the Defendant:  Mr. Peter J. Strianse
18                                315 Deaderick Street, Suite 1700
                                  Nashville, Tennessee 37238
19

20

21

22

      PREPARED BY:
23                    LISE S. MATTHEWS, RMR, CRR, CRC
                         Official Court Reporter
24                       801 Broadway, Room A839
                            Nashville, TN 37203
25                    lise_matthews@tnmd.uscourts.gov
```

1          The above-styled cause came on to be heard on
2     July 16, 2018, before the Honorable Waverly D. Crenshaw, Jr.,
3     Chief District Judge, when the following proceedings were
4     had, to-wit:
5          THE COURT:  All right.  Be seated.  We're here on
6     Case 15-162, United States of America versus Kendall Carter.
7          This was originally set for sentencing today, but
8     I have received yesterday the motion to continue the
9     sentencing date so that counsel can consider how the decision
10    in United States versus Carpenter -- I guess *Carpenter versus*
11    *United States* might impact the case.
12         MR. STRIANSE:  That's correct, Your Honor.
13         THE COURT:  Okay.  Does the Government object?
14         MS. DAUGHTREY:  I do not object to a continuance,
15    Your Honor.
16         THE COURT:  Okay.  How much time?
17         MR. STRIANSE:  Your Honor, I would think --
18    Mr. Carter is held, of course, in pretrial detention.  He's
19    up in Grayson County, which is about 150 miles north of here.
20    And I see him regularly.  But I would suggest maybe four
21    weeks to make sure that I can do my research and writing and
22    travel up to see him and go through it and make sure it's
23    what we all want before it's filed.
24         THE COURT:  It may be a little bit more than four
25    weeks, or unless you want to go less than four weeks

1  because --

2          MR. STRIANSE:  A little bit more is fine, Your

3  Honor.

4          THE COURT:  Well, it may be more than a little

5  bit.

6          We start a jury trial on the 14th of August, which

7  would be exactly four weeks, but that's going to go four

8  weeks.  But we're going to take Fridays off.

9          MR. STRIANSE:  And this is the filing deadline

10 we're setting now; is that right, Your Honor?

11         THE COURT:  Oh, no.  I thought we were setting the

12 deadline to --

13         MR. STRIANSE:  That's fine --

14         THE COURT:  Okay.  Maybe we better say --

15         MR. STRIANSE:  -- file my supplemental motion.

16         THE COURT:  Sounds like you need four weeks for

17 that?

18         MR. STRIANSE:  I would ask the Court for four

19 weeks for that.

20         THE COURT:  Okay.

21         MR. STRIANSE:  And then Ms. Daughtrey is going to

22 need some time to respond.

23         THE COURT:  Okay.  Well, we can do that.

24         So why don't you file your supplemental, I guess

25 motion, August 24th?

1          MR. STRIANSE:  That's fine, Your Honor.

2          THE COURT:  And then Ms. Daughtrey, when do you

3    want to file your response?

4          MS. DAUGHTREY:  If I could have two weeks, that

5    would be great.  So the 7th maybe.

6          THE COURT:  Of September?

7          MS. DAUGHTREY:  Of September, yes.

8          THE COURT:  And then do we need to schedule a

9    hearing on your motion?

10         MR. STRIANSE:  I think so.  A short hearing.

11         THE COURT:  Do you anticipate that being an

12   evidentiary hearing, possibly?

13         MR. STRIANSE:  It possibly could be.  We may be

14   able to do it just on -- the Court may remember we litigated

15   those Kik records when the Government filed an affirmative

16   motion in limine to try to get them in without a witness

17   using the business records exception.  The Court may recall

18   that.

19         THE COURT:  I do.

20         MR. STRIANSE:  Okay.  And it may be that the

21   motion is decided just on argument and those records.

22         THE COURT:  All right.  So if there's a need for a

23   hearing -- if there's a hearing -- that assumes that the

24   Court agrees we need a hearing -- then let's schedule that

25   for Friday, September the 14th at 3:30.

1          MR. STRIANSE:  That's fine, Your Honor.

2          THE COURT:  And if we decide before then that we

3    don't need a hearing, I would like to turn that into the new

4    sentencing date.

5          MR. STRIANSE:  Yes, Your Honor.  And if I believe

6    I need a hearing, I'll put that in the caption and ask for

7    it.

8          THE COURT:  Yeah.  And then Ms. Daughtrey -- now,

9    while you're at the podium and while we're here.  And I got

10   your second motion, the supplemental position, with respect

11   to sentencing factors.  So I think the Government needs to

12   respond to the restitution issue he's raised.

13         MS. DAUGHTREY:  Yeah, I haven't had a chance to

14   look at these since they were just filed.

15         THE COURT:  Okay.  I appreciate that.

16         MS. DAUGHTREY:  Yeah.

17         THE COURT:  Me, too.

18         And then, Mr. Strianse, we're on the same page in

19   your second judicial recommendation.  And I would be -- I was

20   already inclined to do something like this, so this really

21   fleshed it out good.  I reworded it a little bit.

22         I think -- what I understand is that I can make a

23   request for a manager's variable, and you have to use that

24   language.

25         MR. STRIANSE:  Yes, Your Honor.

```
 1              THE COURT:  And request that his security
 2    clearance be adjusted because of certain findings.
 3              MR. STRIANSE:  Yes, Your Honor.
 4              THE COURT:  I think I need to make certain
 5    findings to support my recommendation for a manager's
 6    variable.
 7              MR. STRIANSE:  I think you would.  And what we're
 8    concerned about is the sentence length.  And we're asking you
 9    to waive that public safety factor.
10              THE COURT:  Okay.  And I think even on top of
11    that, given that he's going to have the sex offender
12    classification, I still need to make a manager's variable
13    request.
14              MR. STRIANSE:  That's my understanding.
15              THE COURT:  And if you would give me proposed
16    findings of fact --
17              MR. STRIANSE:  I will, Your Honor.
18              THE COURT:  -- I'll include that in the judgment.
19              And then in the meantime -- the reason I say that
20    is Judge Trauger and I went to a conference.  And this was
21    discussed.  They'll give it more consideration if I say why
22    factually --
23              MR. STRIANSE:  Yes, sir.
24              THE COURT:  -- a manager's level on his security
25    classification should be considered.
```

1          MR. STRIANSE:  Yes, sir.

2          THE COURT:  So you can add that by the time we get

3     to the sentencing.

4          MR. STRIANSE:  I will.

5          THE COURT:  And then the other thought I had --

6     you have in here the SOMP facility.  So I had that.  And the

7     other thought -- and this may be undoable.  Mr. Carter has

8     several years of college already.

9          MR. STRIANSE:  Yes, sir.

10          THE COURT:  In fact, I think he's like 23 credit

11     hours from getting the degree.

12          MR. STRIANSE:  I believe that's correct.

13          THE COURT:  I wish it were some way that we can

14     have BOP consider how he might be able to complete that

15     college degree.  The problem is that's going to require him

16     to be online.  And they're not going to want that.  Unless he

17     is given access to a computer -- I'm not a computer whiz --

18     that prohibits from going on certain sites.  Do you see what

19     I'm --

20          MR. STRIANSE:  Mr. Carter's family has consulted

21     with a BOP prison specialist, a criminologist by the name of

22     Joel Sickler, who has been in this field for about 30 years

23     or so.  And he helped us come up with the language about the

24     management variance and the waiver of the public safety

25     factor for the sentence length.  I'll talk to him about ideas

1  that he may have about completion of college and present that
2  to the Court.
3          THE COURT:  It seems to me what may be more
4  realistic is that after he's there a while and is in good
5  behavior, and otherwise compliant, then we might make that
6  request --
7          MR. STRIANSE:  Yes, sir.
8          THE COURT:  -- that he be allowed to go online.
9  Unless -- as I understand it, it's two ways it can be done.
10 One, it can be done online, or, two, it can be done if
11 there's a community college near by that facility.  So you
12 might look into that, too.
13         MR. STRIANSE:  I will.
14         Years ago they used to have professors from
15 community colleges come into some of the camps and teach
16 classes, but it's my understanding this is only anecdotal,
17 that they've done away with that.
18         THE COURT:  Okay.  But let me be real, real clear.
19 This is only a recommendation.  They can -- Bureau of Prisons
20 can do whatever they want to do and totally ignore my
21 recommendation.  However, I'm told by their lawyer that if I
22 make a specific request and say the words "manager's
23 variable," in quotes, that makes them do certain things that
24 may get it more consideration.
25         MR. STRIANSE:  Thank you.

1          THE COURT:  And let's see.  I think I had one more
2  thing.  Yeah, that was it.  It was the college and the -- all
3  right.
4          So we'll enter an order rescheduling this briefing
5  on a supplemental motion and get an order done getting it
6  back on the docket.
7          Anything else from the Government?
8          MS. DAUGHTREY:  No, Your Honor.
9          MR. STRIANSE:  No, Your Honor.  Thank you.
10          THE COURT:  Thank you.
11          (Court adjourned.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1    REPORTER'S CERTIFICATE

2

3              I, Lise S. Matthews, Official Court Reporter for

4    the United States District Court for the Middle District of

5    Tennessee, with offices at Nashville, do hereby certify:

6              That I reported on the Stenograph machine the

7    proceedings held in open court on July 16, 2018, in the

8    matter of UNITED STATES OF AMERICA v. KENDALL R. CARTER, Case

9    No. 3:15-CR-00162; that said proceedings in connection with

10   the hearing were reduced to typewritten form by me; and that

11   the foregoing transcript (pages 1 through 9) is a true and

12   accurate record of said proceedings.

13             This the 4th day of December, 2018.

14

15                             /s/ Lise S. Matthews
                               LISE S. MATTHEWS, RMR, CRR, CRC
16                             Official Court Reporter

17

18

19

20

21

22

23

24

25