UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:15-cr-00162-1 |
| | ) | CHIEF JUDGE CRENSHAW |
| KENDALL R. CARTER, | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's "Motion for Reconsideration of Carpenter Memorandum" (Doc. No. 96), to which the Government has responded (Doc. No. 99).[1] In the instant motion, Defendant's primary argument is that the Government violated Defendant's Fourth Amendment rights, and his rights under the Stored Communications Act ("SCA"), when it obtained his KIK subscriber and associated IP information without a warrant or court order. (Doc. No. 96 at 2.) Defendant contends that individuals have a reasonable expectation of privacy in subscriber contact information, including dynamic IP addresses that contain locational data, and such data should not be provided to law enforcement absent a warrant or court order. (Id.) Defendant also asserts that the KIK data logs produced to the Government, through the Government's use of an administrative subpoena, contained significantly broader information than was required to be disclosed under the SCA. (Id. at 3-4.)

Moreover, Defendant claims that law enforcement, in pursuing the KIK subscriber information through an administrative subpoena, failed to allege specific and articulable facts

---

[1] The Court presumes that the parties are familiar with the relevant factual and procedural background, and, accordingly, omits such discussion.

1

showing that there were reasonable grounds to believe the records at issue were relevant to an ongoing criminal investigation, as required by the SCA. (Id. at 4.) Defendant argues that the KIK and IP records at issue should have only been made available to the Government upon its showing that a factual basis existed for why the records were material to the criminal investigation. (Id. at 5.) Finally, Defendant reiterates his previous arguments that (1) Carpenter v. United States, 138 S. Ct. 2206, 2218 (2018) applies to this case; and therefore (2) the third-party doctrine should not be applied to the KIK subscriber and IP data at issue. (Id. at 5-6.) Defendant also, for the first time, seeks certain discovery, including affidavits and other administrative subpoenas, that have allegedly not been produced by the Government. (Id. at 2 n.1.)

The Government responds that the investigating officers, in seeking the KIK subscriber and IP data, followed relevant SCA procedures. (Doc. No. 99 at 1-2.) The Government argues that the KIK subscriber and IP data is expressly authorized to be accessed through an administrative subpoena, pursuant to 18 U.S.C. § 2703(c), which Defendant admits that law enforcement obtained. (Id. at 2.) Thus, the Government contends that Defendant's argument is without merit. (Id.) Further, the Government argues that Defendant's remaining arguments regarding the overbroad information provided by KIK, the third-party doctrine, and Carpenter are merely rehashed arguments from Defendant's supplemental motion to suppress and offer no basis for relief. (Id. at 2-3.) Finally, as to the discovery issues, the Government explains that (1) the identified affidavits and subpoenas were not required to be turned over, although some were provided; and (2) Defendant never requested these documents until the instant motion. (Id. 3-4.)

A motion for reconsideration is granted only if the movant demonstrates that the district court and the parties have been misled by a palpable defect and correcting the defect will result in a different disposition of the case. See United States v. Smith, Case No. 15-20394, 2016 WL

7453761, at *1 (E.D. Mich. Dec. 28, 2016) (citing Hansmann v. Fid. Invs. Institutional Servs. Co., 326 F.3d 760, 767 (6th Cir. 2003). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." Id. (quoting Fleck v. Titan Tire Corp., 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "The decision whether to grant reconsideration lies largely within the discretion of the court." Id. (quoting Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

Here, the Court is not convinced that Defendant has made a sufficient showing that the denial of Defendant's supplemental motion to suppress suffers from any defect, much less one which is "obvious, clear, unmistakable, manifest, or plain." Fleck, 177 F. Supp. 2d at 624. Defendant's only new, substantive argument is his contention that the Government gathered the KIK subscriber data and IP information through administrative subpoenas that did not comply with the SCA. (Doc. No. 96 at 4.) The Court rejects Defendant's argument for three reasons. First, Defendant does not offer any justification for why he waited until the eleventh hour, indeed two days before the long delayed sentencing, to offer this argument. Second, the SCA provision at issue, 18 U.S.C. § 2703(d) expressly notes that:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation.

However, in the preceding subsection, 18 U.S.C. § 2703(c), the SCA clearly delineates a process by which law enforcement may obtain subscriber information and IP information, like the KIK data and IP information at issue, without resorting to the court order process outlined in § 2703(d). Under § 2703(c):

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity . . .
>
> (E)  <u>seeks information under paragraph (2)</u>.
>
> (2)  A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—
>
> (A)  name;
>
> (B)  address;
>
> (C)  local and long distance telephone connection records, or records of session times and durations;
>
> (D)  length of service (including start date) and types of service utilized;
>
> (E)   telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
>
> (F)   means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

18 U.S.C. § 2703(c) (emphasis added). Accordingly, because the KIK subscriber and IP information at issue was composed of the exact information contemplated in § 2703(c), the Government was not required to seek a court order or make the factual and legal showings required by § 2703(d). Finally, even if Defendant is correct that the Government failed to comply with § 2703(d), the Government's violation of the SCA does not provide Defendant with a suppression remedy. <u>See</u> 18 U.S.C. § 2708; <u>see also</u> <u>United States v. Ferguson</u>, 508 F. Supp. 2d 7, 10 (D.D.C. 2007) (citing <u>United States v. Smith</u>, 155 F.3d 1051, 1056 (9th Cir. 1998). The Court <u>expressly</u> noted this conclusion in its previous order and counsel offers no argument rebutting or otherwise challenging that conclusion in connection with his § 2703(d) argument.

Defendant's remaining arguments regarding the allegedly overbroad information, Carpenter, and application of the third-party doctrine merely rehash arguments from his previous supplemental motion to suppress. Defendant offers no new cases or other authority justifying or supporting its position on these issues. Accordingly, Defendant has not demonstrated that the Court's decision on those issues suffers from a defect which is "obvious, clear, unmistakable, manifest, or plain." Fleck, 177 F. Supp. 2d at 624. Finally, as to the discovery issues raised for the first time in Defendant's motion for reconsideration, the Court declines to consider those arguments. United States v. Huntington Nat'l Bank, 574 F.3d 329, 331-32 (6th Cir. 2009) (holding new arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited.").

Therefore, for the reasons set out above, Defendant's Motion for Reconsideration of Carpenter Memorandum (Doc. No. 96) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE